S. Peter Serrano
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

NOV 24 2025

SEAN F. McAVOY, CLERK
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 2:25-CR-00049-TOR |
| Plaintiff, | Pretrial Diversion Agreement |
| v. | |
| HADA LUZ RODRIGUEZ-MARTINEZ, | |
| Defendant. | |

Plaintiff, United States of America, by and through S. Peter Serrano, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney, and Defendant Hada Luz Rodriguez-Martinez ("Defendant"), both individually and by and through Defendant's counsel, Carter L. Powers Beggs, agree to the following Pretrial Diversion Agreement (the "Agreement"):

**I. Overview**

1. On April 2, 2025, an Indictment was returned charging Defendant with assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1). Defendant understands that – if Defendant were convicted of assault on a federal officer, in violation of 18 U.S.C. § 111(a)(1) – the following potential penalties apply: (1) a term

PRETRIAL DIVERSION AGREEMENT - 1

of imprisonment of up to eight years; (2) a term of supervised release of up to three years; (3) a fine of up to $250,000; and (4) a $100 special penalty assessment.

2. On authority from the Attorney General of the United States, through S. Peter Serrano, United States Attorney for the Eastern District of Washington, prosecution in the Eastern District of Washington for the Covered Conduct shall be deferred for eighteen (18) months. This eighteen (18) month period begins on the date this Agreement is signed by both parties and accepted by the Court.

3. The United States and Defendant stipulate and agree that the Court will maintain jurisdiction over this matter and that the Court shall be the final arbiter as to: (1) whether a party breached this Agreement, and if so; (2) the appropriate remedy, which may include either terminating the Agreement or modifying its terms. A modification may include extending the Agreement's eighteen (18) month period by an additional twelve (12) months, for a total of thirty (30) months.

**II. Terms**

Defendant stipulates and agrees to the following terms:

4. **Supervision.** Defendant stipulates and agrees to be supervised by the United States Probation Office during this eighteen (18) month period (or longer, if the period is extended by the Court). Further, Defendant understands the following:

   a. Defendant shall not violate any federal, state, or local law. This term does not apply to minor civil infractions such as speeding.

   b. If Defendant is arrested or has any official contact with law enforcement in a civil or criminal investigative capacity, Defendant shall notify Defendant's supervising pretrial diversion officer within two business days.

   c. Defendant shall report to Defendant's supervising pretrial diversion officer as directed by the Court or U.S. Probation.

   d. Defendant shall maintain employment in a lawful occupation. When out of work, Defendant shall notify Defendant's supervising pretrial diversion

PRETRIAL DIVERSION AGREEMENT - 2

officer. In the event that Defendant becomes self-employed, Defendant shall provide evidence of such self-employment.

  e. Defendant shall not possess, control, consume, and/or use any illegal controlled substance, including marijuana.

  f. Defendant shall complete twenty-five (25) hours of community service with an organization approved by U.S. Probation.

  g. Defendant shall not communicate, or otherwise interact, with Officer J.W., either directly or through a third party.

 5. **Tolling.** Defendant stipulates and agrees to toll the running of all applicable statutes of limitations and any time-based defenses for the Covered Conduct. This tolling shall run from the date the Agreement is signed by all parties until the Agreement expires or is terminated by the Court. Defendant stipulates and agrees that the Agreement's tolling provision does not abridge or curtail the applicable statute of limitations in any way, but rather extends the applicable statute of limitations by the period of time that the Agreement is in effect.

 Defendant further expressly waives all rights to a speedy trial pursuant to the Sixth Amendment of the United States Constitution, 18 U.S.C. § 3161, Federal Rule of Criminal Procedure 48(b), and any applicable Local Rules of the United States District Court for the Eastern District of Washington for the period during which this Agreement is in effect.

 6. **Waiver of Constitutional Rights.** Defendant, by entering this Agreement, agrees to waive certain constitutional rights including (1) the right to a jury trial; (2) the right to see, hear, and question witnesses; (3) the right to compel witnesses to testify; (4) the right to testify on Defendant's own behalf; and (5) the right to remain silent and not to testify. Defendant knowingly and voluntarily waives the above rights.

PRETRIAL DIVERSION AGREEMENT - 3

7. **Breach.** If the Court, after a hearing, terminates the Agreement based on a breach of the terms of the Agreement by Defendant, the United States may resume its prosecution against Defendant as to the Covered Conduct.

The United States stipulates and agrees to the following:

8. **Deferred Prosecution and Dismissal.** The United States stipulates and agrees to defer prosecution of the above-captioned matter for a period of eighteen (18) months (or up to thirty (30) months, if the Agreement is extended). When and if Defendant satisfies all the requirements of the Agreement (including any modifications or extensions), the United States will seek dismissal with prejudice of the Indictment filed against Defendant. Except in the event of a violation by Defendant of any term of this Agreement, the United States will bring no additional charges against Defendant relating to Defendant's conduct as described in the Indictment and the Covered Conduct set forth above. This agreement does not provide any protection against prosecution for any crimes except as set forth above. Defendant and the United States understand that the Court must approve deferral under the Speedy Trial Act, in accordance with 18 U.S.C. § 3161(h)(2). Should the Court decline to defer prosecution for any reason: (1) both the United States and Defendant are released from any obligation imposed upon them by this Agreement; and (2) this Agreement shall be null and void, except for the tolling provisions set forth herein.

//
//
//
//
//
//
//
//

PRETRIAL DIVERSION AGREEMENT - 4

### III. Approvals and Signatures

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

S. Peter Serrano
United States Attorney

_____    11-21-2025
Michael J. Ellis                   Date
Assistant United States Attorney

I have read the Agreement and have carefully reviewed and discussed every part of the agreement with my attorney. I understand and voluntarily enter into this. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. I understand the terms and conditions of the Agreement and agree to comply with them.

_____    11-14-2025
Hada Luz Rodriguez-Martinez        Date
Defendant

I have read the Pretrial Diversion Agreement and have discussed the contents of the agreement with my client.

_____    11-19-2025
Carter L. Powers Beggs             Date
Attorney for Defendant

Approved without passing judgment on the merits or wisdom of this diversion.

_____    11-24-2025
Thomas O. Rice                     Date
United States District Judge

PRETRIAL DIVERSION AGREEMENT - 5